**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

HILLIARD NELSON
ADC #95169                                                                        PLAINTIFF

V.                                  5:09CV00396 SWW/JTR

SKIPPY LEEK,
Desha County Circuit Court Clerk                                          DEFENDANT

### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan

Webber Wright.  Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.  If the

objection is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Clerk no later than fourteen (14) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.  Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the United States District Judge,

you must, at the same time that you file your written objections, include a "Statement of Necessity"

that sets forth the following:

1.          Why the record made before the Magistrate Judge is inadequate.

2.          Why the evidence to be proffered at the requested hearing before the

United States District Judge was not offered at the hearing before the Magistrate Judge.

3.  An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## I. Introduction

Plaintiff, Hilliard Nelson, who is a prisoner in the Cummins Unit of the Arkansas Department of Correction, has commenced this *pro se* § 1983 action alleging that Defendant Desha County Circuit Court Clerk Skippy Leek infringed his First Amendment right to access the courts. *See* docket entry #2. The parties have filed cross Motions for Summary Judgment.[1]

Before addressing the merits of the Motions, the Court will summarize the relevant, undisputed facts.

1.  In 1990, Plaintiff was convicted, in the Desha County Circuit Court, of first-degree murder. He was sentenced to life in prison, without parol. *Nelson v. State*, 816 S.W.2d 159 (Ark.

---

[1] Plaintiff has filed a Motion for Summary Judgment. *See* docket entry #21. Defendant has filed a Response to that Motion. *See* docket entry #27.

Defendant has filed a Motion for Summary Judgment, a Brief in Support, and a Statement of Undisputed Facts. *See* docket entries #22, #23, and #24. Plaintiff has filed a Response, a Brief in Support, a Statement of Disputed Facts, and an Addendum of Exhibits. *See* docket entries #28, #29, #30, and #31.

1991).  His conviction and sentence were subsequently affirmed on direct appeal. *Id.*

2. In 1993, Plaintiff filed, in the Desha County Circuit Court, a Petition for Post-Conviction Relief. *Nelson v. State*, 39 S.W.3d 791 (Ark. 2001).  The Desha County Circuit Court denied the Petition. *Id.*  On appeal, Plaintiff argued, among other things, that the trial court erred when it allowed the prosecutor to amend the indictment, after the jury was sworn, to charge Plaintiff with felony capital murder, instead of premeditated capital murder.[2] *Id.* at 797.  The Arkansas Supreme Court refused to consider that argument because Plaintiff failed to raise it in the trial court during his post-conviction proceedings. *Id.*  Additionally, the Court noted that the argument, even if properly preserved, had no merit.[3] *Id.*

3. In 2006, Plaintiff filed, in the Desha County Circuit Court, a writ of habeas corpus based upon new scientific evidence. *Nelson v. State*, CR 06–804, 2006 WL 2839241 (Ark. Oct. 5, 2006) (unpublished opinion).  The trial court denied the writ as time barred, and the Arkansas Supreme Court refused to grant a writ of certiorari to review that decision. *Id.*

4. On February 19, 2008, Plaintiff filed, in the Desha County Circuit Court, an "Appeal Nunc Pro Tunc." *See* docket entry #31 at 29-47.  In that pleading, Plaintiff asks the Desha County Circuit Court (and not the Arkansas Supreme Court) to consider, for the first time, his argument that the prosecutor should not have been allowed to amend the indictment after the jury was sworn. *Id.*

---

[2] *See* Ark. Code Ann. § 5-10-101(a)(1) (explaining that a person commits felony capital murder when he kills someone during the course of committing a felony, such as rape); *see also* Ark. Code Ann. § 5-10-101(a)(4) (explaining that a person commits premeditated capital murder if he kills someone with a "premeditated and deliberated purpose").

[3] The Court did not explain why it concluded that Plaintiff's argument had no merit. It could have reached that conclusion because Plaintiff was convicted of the lesser included offense of first-degree murder, and not either version of capital murder.

Importantly, Plaintiff does not explain how the trial court has jurisdiction to consider the alleged trial error *eighteen years* after his 1990 conviction.

5.      In November of 2008, Plaintiff mailed Defendant Leek a letter inquiring about the status of his Appeal Nunc Pro Tunc.  *See* docket entry #27, Ex. A.   Plaintiff then asked for a "certified copy of the filing." *Id.*

6.      Defendant Leek construed Plaintiff's letter as a request for a file-stamped copy of his Appeal Nunc Pro Tunc.  Accordingly, on November 19, 2008, he sent Plaintiff a letter explaining that he needed to send the court a "postage paid self-addressed envelope" and payment of fifty cents a page for copies.  *See* docket entry #27, Ex. B.  Plaintiff did not do so.

7.      On December 9, 2008, Plaintiff tendered a Petition for a Writ of Mandamus to the Arkansas Supreme Court.  *Nelson v. Glover*, CR 09-90, 2009 WL 637477 (Ark. Mar. 12, 2009) (unpublished opinion).   In that Petition, he asked the Arkansas Supreme Court to compel the Desha County Circuit Court to rule on his Appeal Nunc Pro Tunc. *Id.*   The Arkansas Supreme Court notified Plaintiff that it would not file his Petition for a Writ of Mandamus without a certified copy of the record before the trial court. *Id.*

8.      On January 13, 2009, Plaintiff sent Defendant Leek a confusing letter asking for a "one-page document with the certified seal verifying " that Plaintiff filed an Appeal Nunc Pro Tunc on February 19, 2008.[4]  *See* docket entry #23, Ex. B.  Plaintiff included with his letter, a check for

---

[4] It appears that Plaintiff believes that Defendant Leek could "certify" the record by sending him a one page document bearing some sort of official seal of the Clerk and verifying that copies of certain pleadings were filed in the record.  However, to properly certify the record, Defendant Leek was required to send Plaintiff a copy of each requested pleading from the record, and include, on each pleading, a stamp indicating that it is a true and correct copy of the pleading filed in the record.

one dollar, and a self-addressed, stamped envelope. *Id.*   Defendant Leek did not  respond to the letter.

9.      On January 29, 2009, Plaintiff filed, with the Arkansas Supreme Court, a Motion for Rule on the Clerk. *See* docket entry #2, Ex. C.  In that Motion, Plaintiff asked the Arkansas Supreme Court to file his Petition for a Writ of Mandamus, without a certified copy of the record, because he was unable to obtain certified copies from Defendant Leek.  *Id.* On March 12, 2009, the Arkansas Supreme Court denied that Motion.  *Nelson v. Glover*, Case CR 09-90, 2009 WL 637477 (Ark. Mar. 12, 2009) (unpublished opinion).

10.     On March 16, 2009, Petitioner mailed, to the Desha County Circuit Clerk, a "Motion for Certified Copy of the Record."  *See* docket entry #2, Ex. E.  In that Motion, Plaintiff renewed his confusing request for a "one-paged document of Certification of the Record."  *Id.*   Defendant Leek did not respond to that Motion.

11.     On April 14, 2009, Plaintiff mailed, to the Arkansas Supreme Court, a Motion for Rule on the Clerk  *See* docket entry #23, at Ex. D.  In that Motion, Plaintiff asked the Arkansas Supreme Court to compel Defendant Leek to provide him with a certified copy of the record.  *Id.* On April 17, 2009, the Arkansas Supreme Court returned the Motion to Plaintiff on the ground that it was "improper."[5] *Id.*  at Ex. E.

12.     On October 6, 2009, Plaintiff mailed a letter to the Desha County Circuit Court Records Division.  *See* docket entry #2 at Ex. G.  In that letter, Plaintiff made a vague request,

---

[5] In a proper Motion for Rule on the Clerk, the petitioner asks the Arkansas Supreme Court to compel the Clerk of the Arkansas Supreme Court, and not the Clerk of a trial court, to file a pleading that does not properly comply with the Arkansas Supreme Court Rules.  *See* Ark. R. Sup. Ct. 2-2.

pursuant to the Arkansas Freedom of Information Act, for a "certified document" of his 1990 Judgment and Commitment Order and his February 19, 2008 Notice of Appeal Nunc Pro Tunc. *Id.* It is unclear whether the letter was ever received by the Desha County Circuit Court. However, the parties agree that Defendant Leek did not respond to the letter.

13.     On December 28, 2009, Plaintiff commenced this § 1983 action alleging that Defendant Leek violated his First Amendment right to access the courts by refusing to provide him with a certified copy of the record so that he could properly file a Petition for a Writ of Mandamus with the Arkansas Supreme Court. *See* docket entry #2. Plaintiff brings this claim against Defendant Leek in his individual and official capacities.

## II. Discussion

**A.     Plaintiff's First Amendment Claim Against Defendant Leek in his Individual Capacity**

The First Amendment unquestionably encompasses an inmate's right to access to the courts. *Johnson v. Avery,* 393 U.S. 483, 489-90 (1969). However, to prevail on an access to the courts claim, a prisoner must demonstrate that he was "actually injured" in regard to a "nonfrivolous and arguably meritorious underlying legal claim." *White v. Kautzky,* 494 F.3d 677, 680 (8th Cir. 2007) (citing *Christopher v. Harbury*, 536 U.S. 403, 413 (2002)). In this respect, "actual injury" means "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis v. Casey*, 518 U.S. 343, 355 (1996); *see also Klinger v. Dept. of Corr.*, 107 F.3d 609, 617 (8th Cir. 1997).

In his summary judgment papers, Defendant Leek explains that, based on his construction of Plaintiff's November 19, 2009 letter, his March 16, 2009 Motion for a Certified Copy of the Record, and his October 6, 2009 Freedom of Information Request, Defendant Leek believed that

Plaintiff wanted file-marked copies of pleadings from the record, *not* a certified copy of the record. *See* docket entries #22 and #23.   Defendant Leek also states that Plaintiff's requests were improper because he did not include payment for copies or a self-addressed, stamped envelope for returning the requested copies to him.

More importantly, Defendant Leek argues that he entitled to judgment, as a matter of law, because Plaintiff has not suffered any actual injury or prejudice *at this time.*   Specifically, it is not too late for Plaintiff to obtain a certified copy of the record by mailing Defendant Leek:  (1) a letter that clearly states he would like *certified copies* of certain *specifically identified* pleadings; (2) a self-addressed, stamped envelope for returning the pleadings to Plaintiff; and (3) payment, at the rate of fifty cents a page, for copies of each pleading.[6]  Once Plaintiff receives his certified copies, he may then properly file a Petition for a Writ of Mandamus asking the Arkansas Supreme Court to compel the Desha County Circuit Court to rule on his *pending* Appeal Nunc Pro Tunc.  Because Plaintiff still has this remedy available to him, he was not suffered actual prejudice, at this time.

Additionally, as previously noted, the Arkansas Supreme Court has already held that the argument Plaintiff raises in his Appeal Nunc Pro Tunc is procedurally barred *and non-meritorious.* Further, Plaintiff has not explained how the trial court has jurisdiction to consider the merits of his argument, which is being raised for the first time, eighteen years after his 1990 conviction. Thus, Plaintiff has also failed to demonstrate that he has an arguably meritorious claim for relief from his criminal conviction.

---

[6] Although Defendant Leek does not mention it in his summary judgment papers, Plaintiff may, if applicable, file a Motion and Affidavit, in the Desha County Circuit Court, establishing that he does not have sufficient funds to pay for certified copies and requesting that the Court direct the Clerk to provide those copies *pro bono*.

For these reasons, the Court concludes that Defendant Leek is entitled to summary judgment on the First Amendment claim Plaintiff has raised against him in his individual capacity.

**B.     Plaintiff's First Amendment Claim Against Defendant Leek in his Official Capacity** [7]

To prevail on a claim against a county official, sued in his or her official capacity, a plaintiff must demonstrate that the constitutional violation was the result of an official policy, custom, or practice.  *See Grayson v. Ross*, 454 F.3d 802, 810-11 (8th Cir. 2006); *Springdale Educ. Assn. v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998).

As previously discussed, the Court concludes that Plaintiff's First Amendment right to access the courts has *not* been violated.  Additionally, although Plaintiff has been given the opportunity to do so, he has failed to come forward with *any* evidence demonstrating that Defendant Leeks' failure to provide him with a certified copy of the record was the result of an official county policy, custom, or practice.  Thus, Defendant Leek is also entitled to summary judgment on the claim Plaintiff has raised against him in his official capacity.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      Plaintiff's Motion for Summary Judgment (docket entry #21) be DENIED.

2.      Defendant's Motion for Summary Judgment (docket entry #22) be GRANTED, and that this case be DISMISSED, WITH PREJUDICE.

3.      The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order and Judgment adopting this Recommended Disposition would not

---

[7] It appears from Plaintiff's summary judgment papers that he has abandoned his official capacity claim against Defendant Leek. *See* docket entries #21, #28, and #29. Nevertheless, the Court will briefly address it.

be taken in good faith.

Dated this <u>2nd</u> day of December, 2010.


_____
UNITED STATES MAGISTRATE JUDGE